UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CLIFTON ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 20-1402 |
| | ) | |
| TURBO TAX, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW AND CASE MANAGEMENT ORDER

The plaintiff, proceeding *pro se*, and currently incarcerated at FCI Milan, was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff alleges that he was unwittingly "caught up in a conspiracy to defraud the [government]" involving Defendant Robertson (his tax preparer), Turbo Tax (the software used to file his taxes), and JPMorgan Chase Bank (where he cashed the checks). Plaintiff alleges he was convicted as a result of this alleged

conspiracy, that his conviction was based upon perjured testimony, that the criminal court did not have jurisdiction to preside over the case, and that the Internal Revenue Service is "going beyond the law."

Plaintiff's allegations, if true, would necessarily imply the invalidity of his underlying convictions. Plaintiff cannot bring a claim for damages under 42 U.S.C. § 1983, or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 489 (1994); *Figueroa v. U.S.*, 596 F. App'x 513, 514-15 (7th Cir. 2015) (*Heck* applies to actions brought by federal prisoners under *Bivens*). Accordingly, as Plaintiff has not successfully challenged his underlying convictions via a habeas corpus proceeding, his claims are *Heck*-barred.

In addition, no plausible inference arises that the defendants Plaintiff named are state actors for purposes of § 1983 or *Bivens*. This case will be dismissed.

**It is therefore ordered:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile.  This case is therefore terminated.  All pending motions are denied as moot.  The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2) This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log. Plaintiff is advised that he has now accumulated at least two strikes. *See Robinson v. Knauss*, No. 19-1295 (C.D. Ill., filed Jan. 16, 2020).

3) Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed.  The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.

5) Plaintiff's motion for counsel [4] is denied. Plaintiff did not show that he made attempts to hire his own counsel. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Entered this 11th day of December, 2020.

s/ Harold A. Baker
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE